UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| 222 Riverside Corp. ) | Case No. 12-04532 |
| ) | |
| Debtor. ) | |
| ) | |
| _____) | |

**ORDER GRANTING MOTION FOR CHANGE OF VENUE**

This matter comes before the Court on TD Bank, N.A.'s ("TD Bank") Motion for Change of Venue ("Motion"). TD Bank was represented by Roe Cassidy Coates & Price, PA, James H. Cassidy appearing; 222 Riverside Corp. (the "Debtor") was present by and through its President, Daniel Albert, and represented by Robert A. Pohl; and the Office of the United States Trustee was represented by Linda K. Barr.

In accordance with Fed. R. Bankr. P. 9014, the notice of hearing required objections to the Motion, if any, to be filed by August 10, 2012, and further provided that any party failing to file an objection may be denied the opportunity to be heard. In addition, according to the Court's Chambers Guidelines, which have the force and effect of Local Rule pursuant to SC LBR 9029-1, a joint statement of dispute was required to be filed two business days prior to the hearing. TD Bank filed a statement of dispute as required and but no statement of dispute was filed by or on behalf of the Debtor.

In light of the Debtor's failure to object or timely dispute the Motion, the Court recognized the default by the Debtor by Order entered August 13, 2012, and found that the Debtor forfeited its right to oppose the motion. A hearing on the Motion was held on August 14, 2012 to hear TD Bank's arguments in support of its Motion for change of venue to the

District of Maine. Based upon the record in the matter and the arguments of counsel, the Court makes the following findings of facts and conclusions of law:

1. Based upon the filings by the Debtor in this case and determinations made in its prior orders, the Court finds that the Debtor is a corporation organized and existing under the laws of the State of Maine.

2. This case is single asset real estate case as defined by 11 U.S.C. § 101 (51B), and the sole asset of the Debtor is a commercial building located on 2.575 acres in Portland, Maine. Substantially all of the Debtor's income is generated through the lease of this commercial property located in Maine.

3. The principal secured creditors of the Debtor, TD Bank and Steven Goodine & Geraldine Goodine, are located in Maine.

4. As to the proximity of witnesses who are necessary for the administration of the estate the Court finds that this factor is neutral as many witnesses are in Maine; however, the principal officer is located in South Carolina.

5. To the extent that the Debtor would argue that it is an affiliate of Madawaska Hardscape Products ("Madawaska"), it would bear the burden to establish that it operates the businesses and substantially all of the property of the Debtor under lease or operating agreement by the entity in South Carolina, Madawaska. On this point, Debtor asserted that it leased its single asset to Madawaska. However, the record reflects that to the extent that there was a landlord/tenant relationship between Debtor and Madawaska, Madawaska failed to timely assume the lease with Debtor in its Chapter 11 case and therefore the lease is deemed rejected. Accordingly, it does not appear that Debtor is an affiliate of Madawaska.

6. Finally, it appears that Debtor intentionally delayed the filing of this case until the eve of TD Bank's foreclosure hearing in Maine as a means of delaying the proceeding to the prejudice of TD Bank.

7. The issue of change of venue is left to the sound discretion of the Court.

Based upon the foregoing, it appears that venue is proper in Maine. Accordingly, it is hereby

**ORDERED** that venue is transferred to the United States Bankruptcy Court for the District of Maine and the Clerk of Court is directed to transmit the entire record to that Court.

**IT IS FURTHER ORDERED** that all remaining motions pending in the Debtor's case are transferred to the United States Bankruptcy Court for the District of Maine.

**IT IS SO ORDERED.**

**FILED BY THE COURT**
**08/29/2012**



Entered: 08/29/2012

_____
Chief US Bankruptcy Judge
District of South Carolina